Annie Bell JAY, Louise Cochran, Willie D. Doss, Louise Becks, Bessie Mae Davis, Jettie Redic and Tomas Sanchez, individually and on behalf of all other persons similarly situated

v.

UNITED STATES DEPARTMENT OF AGRICULTURE: Orville L. Freeman, Individually and in his capacity as Secretary of the U. S. Dept. of Agriculture, S. R. Smith, as Administrator of the Consumer Marketing Service, U. S. Dept. of Agriculture, Burton G. Hackney, as Commissioner of the Texas State Department of Public Welfare, and William M. Herdon, as Director of the Commodity Distribution Division, Texas Department of Public Welfare.

Civ. A. No. 3–2885–C.

United States District Court
N. D. Texas,
Dallas Division.
Dec. 30, 1969.

Ed J. Polk, San Francisco Neighborhood Legal Assistance Foundation, San Francisco, Cal., Douglas Larson, Dallas, Tex., for plaintiffs; Ronald F. Pollack, Center on Social Welfare Policy and Law, New York City, of counsel.

Crawford C. Martin, Atty. Gen. of Texas, Pat Bailey, Asst. Atty. Gen., Austin, Tex., Eldon B. Mahon, U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., John Harris, U. S. Dept. of Agriculture, Washington, D. C., Wm. D. Ruckelshaus, Asst. Atty. Gen., Harland F. Leathers, Robert N. Ford, Attys., Dept. of Justice, Washington, D. C., for defendants.

## FINDINGS OF FACT CONCLUSIONS OF LAW, AND COURT ORDER

WILLIAM M. TAYLOR, Jr., District Judge.

This action was brought on November 19, 1968 by seven indigent individuals for a declaratory judgment (pursuant to 28 U.S.C. §§ 2201, 2202) and injunctive relief (pursuant to 28 U.S.C. §§ 1331, 1343, 1361 and 5 U.S.C. § 702). Plaintiffs properly brought this suit as a class action in behalf of themselves and all of those needy and hungry Texas persons who receive no Federal food assistance—through either the Food Stamp or the Commodity Distribution Program—solely because of their county of residence. This matter came before the Court on plaintiffs' motion for a preliminary injunction and defendants' motion for a summary judgment. The Court, having considered the complaint, the memoranda, the affidavits and exhibits in support and in opposition to the aforesaid motions, and having heard argument and testimony in open court, hereby finds the facts and states the conclusions as follows:

### Findings of Fact

1. Plaintiffs—needy and malnourished residents of Texas—brought this action to obtain their entitlements to Federal food assistance. Although the Food Stamp Program (7 U.S.C. §§ 2011–2025) and the Commodity Distribution Program (7 U.S.C. §§ 612c, 1431, 1446a–1) were formulated by Congress to provide vital food assistance to the needy, plaintiffs have been denied their nutrition entitlements. Plaintiffs have been denied such assistance solely on the arbitrary basis of their county of residence.

2. Typical of the impoverished circumstances of plaintiffs and their class are the situations of Mrs. Annie Bell Jay and Mr. Willie Doss. Plaintiff Jay, a resident of Johnson County, Texas, testified to the fact that she is unable to work and has no monthly income whatsoever. She is the mother of four children but has placed those children with

relatives because of her inability to provide sustenance for them. At times, plaintiff Jay sleeps on the streets of her community and often has begged from the sheriff for food assistance. She has no means for obtaining adequate nutrition; her sole source of food is irregular charitable donations of money or food. Plaintiff Doss, a resident of Collin County, Texas, testified to the fact that he is totally and permanently disabled because of an accident and, therefore, cannot seek gainful employment. He supports his wife and four children on meager monthly welfare and disability checks. Although plaintiffs Jay and Doss qualify for, and are in great need of, Federal food assistance, they receive no aid solely because of their county of residence.

3. In 109 Texas counties, all indigents have been denied access to the Food Stamp and the Commodity Distribution Program. Defendant Lennartson's Affidavit, pp. 3–4. No matter how needy, hungry, or malnourished, poor people have been denied food aid altogether in the following Texas counties:

| | | |
|---|---|---|
| Andrews | Gaines | Oldham |
| Aransas | Garza | Palo Pinto |
| Archer | Gillespie | Parker |
| Armstrong | Glasscock | Parmer |
| Bailey | Gray | Randall |
| Bandera | Gregg | Reagan |
| Baylor | Hall | Red River |
| Bell | Hansford | Reeves |
| Blanco | Harrison | Refugio |
| Borden | Hartley | Roberts |
| Bosque | Hood | Rockwall |
| Bowie | Hopkins | Runnels |
| Brazoria | Hunt | Rusk |
| Brazos | Jack | San Saba |
| Briscoe | Johnson | Schleicher |
| Burnet | Kaufman | Shackelford |
| Calhoun | Kendall | Sherman |
| Castro | Kenedy | Sovervell |
| Chambers | Kett | Stephens |
| Clay | Kimble | Sterling |
| Coleman | Lamar | Sutton |
| Collin | Lampasas | Taylor |
| Collingsworth | Llano | Throckmorton |
| Colorado | Loving | Upton |
| Comal | Lynn | Uvalde |
| Concho | McCulloch | Van Zandt |
| Coryell | McMullen | Victoria |
| Crane | Mason | Ward |
| Crockett | Menard | Wharton |
| Deaf Smith | Midland | Wheeler |
| Denton | Mills | Wichita |
| Donley | Mitchell | Winkler |
| Ector | Montgomery | Wise |
| Edwards | Navarro | Wood |
| Ellis | Newton | Yoakum |
| Erath | Ochiltree | Young |
| Fort Bend | | |

4. As stipulated by all parties at the hearing, poverty, hunger and malnutrition are widespread throughout the 109 above-mentioned Texas counties. As further stipulated, irreparable damage to health and spirit will continue to harm plaintiffs and their class if they receive no food assistance. The availability of dietary supplementation, through either the Food Stamp or the Commodity Distribution Program, would greatly alleviate hunger and malnutrition among the households in the counties presently without Federal food aid.

5. The Commodity Distribution Program provides vital food benefits to needy households by distributing commodities free of charge. The Food Stamp Program provides nutritional assistance by increasing poor households' food purchasing power. Under the Food Stamp Program, a needy household is entitled to purchase food stamps at a price determined to be equal to its "normal expenditures for food." 7 U.S.C. § 2016 (b). In return for this payment, said household is given a significant amount of free "bonus" stamps in addition to those it has paid for. Thus, when the stamps are used at retail stores to purchase food, the needy family is enabled to buy substantially more food than it otherwise could afford. Both programs are administered by the defendant United States Department of Agriculture, and all of the benefits are wholly subsidized by the Federal government through Congressional appropriations.

6. Contrary to the intent of Congress when it formulated the two Federal food programs (i. e., the Food Stamp and the Commodity Distribution Programs), the Department of Agriculture has determined that it will provide Federal food assistance only in counties where local governmental officials approve of, and request, one of said programs. As a result of this arbitrary administrative determination, the Agriculture Department has approved plans of operation, submitted by the State defendants, that have entirely excluded thousands of indigents from food aid solely on the basis of their county of residence.

7. The Agriculture Department has, however, on occasion, directly implemented a Commodity Distribution Program under the control of Federal officials, in areas where the county officials opposed, and refused to request, a food assistance program. According to the affidavits submitted by the Federal defendants, there are "46 counties in the United States in which the Federal government has undertaken the operation of a commodity distribution program because the counties refused to participate even with Federal financial assistance." Affidavit of John Slaughter, Director of the Southwest District of Consumer Food Programs, p. 2. Included in these 46 counties are 18 Texas counties in which the Agriculture Department presently operates the commodities program directly over the objection of local officials.[1] Nevertheless, the Agriculture Department continues to arbitrarily deny poor persons their Federal food entitlements in the 109 counties in which plaintiffs' class resides.

8. Areas which have no Federal food assistance programs are just as impoverished, and often more so, than areas in which the Agriculture Department has directly implemented the Commodity Distribution Program. As plaintiffs cited at the hearing, the State defendants' annual public report indicates that numerous counties, without a program of food assistance, have many more poor people therein than do the counties which have a Federal food aid program available to its indigents. Consequently, the determination as to which counties should

---

1. Those Texas counties are: Cass, Cherokee, Comanche, DeWitt, Freestone, Goliad, Gonzales, Grimes, Hill, Jasper, Lee, Leon, Madison, Tyler, Walker, Waller, Washington, and Willacy. Slaughter Affidavit, Id.

have a Federal food assistance program was not based on any rational determination as to which areas are the neediest.[2]

9. The Department of Agriculture has sufficient food resources, which are presently and immediately available, to provide a Federal food program in every Texas county. The Federal defendants, as they indicated at the hearing, have the present resources and capability to implement a Commodity Distribution Program in all Texas counties within a two-week period of time.

10. Since Fiscal 1959, the Federal defendants have returned over one billion dollars of Congressionally appropriated Section 32 (7 U.S.C. § 612c) funds to the United States Treasury. All of this money could have been used for the direct implementation of the Commodity Distribution Program in the 109 Texas counties presently without Federal food assistance for the poor. The amount of money returned to the Treasury, at the end of each fiscal year, was a very substantial proportion of the annual Congressional appropriations for

2. As plaintiffs cited from the Department of Public Welfare Annual Report of 1968, Table 49, the State defendants' own statistics show that there are more public assistance recipients—ergo, more poor people—in many of the counties without food assistance than there are in counties which presently have either a Food Stamp or a Commodity Distribution Program.

| Counties With a Federal Food Program | Persons on Public Assistance | Counties Without a Federal Food Program | Persons on Public Assistance (1968) |
|---|---|---|---|
| Brewster | 221 | Bell | 2107 |
| Carson | 90 | Bowie | 3203 |
| Cochran | 111 | Brazoria | 1666 |
| Coke | 90 | Brazos | 1932 |
| Culberson | 59 | Collin | 2161 |
| Foard | 150 | Denton | 1420 |
| Hemphill | 61 | Ector | 1230 |
| Hudspeth | 37 | Ellis | 1998 |
| Irion | 37 | Fort Bend | 1389 |
| Jeff Davis | 57 | Gregg | 2625 |
| King | 3 | Harrison | 3088 |
| Kinney | 117 | Hunt | 2153 |
| Lipscomb | 33 | Kaufman | 1554 |
| Martin | 112 | Lamar | 3353 |
| Moore | 112 | Navarro | 2016 |
| Motley | 142 | Rusk | 2601 |
| Presidio | 303 | Taylor | 2631 |
| Real | 121 | Victoria | 1353 |
| Stonewall | 99 | Wharton | 1923 |
| Terrell | 42 | Wichita | 3234 |
| Total | 1997 | | 43,637 |

the Commodity Distribution Program under Section 32.[3] The Department of Agriculture has recently promulgated new regulations, 7 C.F.R. § 250.15, that will make available approximately $840,000 to the State of Texas; this money may be used for the implementation of a Commodity Distribution Program in counties that presently provide no Federal food assistance. Congress has also appropriated $610,000,000 to carry out the provisions of the Food Stamp Act of 1964 during fiscal year 1970.

*Conclusions of Law*

1. The purpose of the Food Stamp and the Commodity Distribution Programs is to aid needy families and households by providing them with vital Federal food assistance. Food Stamp Act, 7 U.S.C. §§ 2011, 2014(a) 2025(d); Commodity Distribution legislation, 7 U.S.C. §§ 612c, 1431. In enacting the Food Stamp and Commodity Distribution legislation, Congress was cognizant of the invidious effects, and the widespread conditions, of hunger in the United States. With its fundamental pur-

| 3. Fiscal | 1959 | 1960 | 1961 |
|---|---|---|---|
| Total money available | 531,651,134 | 547,118,882 | 615,441,676 |
| Amount unused and carried over into next fiscal year | 300,000,000 | 300,000,000 | 300,000,000 |
| Additional amount left unused and returned to the U. S. Treasury | 72,837,054 | 91,222,327 | 7,894,108 |
| Fiscal | 1962 | 1966 | 1967 |
| Total money available | 622,527,516 | 614,125,619 | 664,469,685 |
| Amount unused and carried over into next fiscal year | 300,000,000 | 300,000,000 | 300,000,000 |
| Additional amount left unused and returned to the U. S. Treasury | 109,698,614 | 143,093,354 | 3,757,463 |
| Fiscal | 1965 | 1966 | 1967 |
| Total money available | 673,658,976 | 697,725,547 | 787,314,308 |
| Amount unused and carried over into next fiscal year | 298,758,226 | 300,000,000 | 300,000,000 |
| Additional amount left unused and returned to the U. S. Treasury | 8,575 | 208,682,970 | 181,467,480 |
| Fiscal | 1968 | | |
| Total money available | 871,488,088 | | |
| Amount unused and carried over into next fiscal year | 300,000,000 | | |
| Additional amount left unused and returned to the U. S. Treasury | 229,038,999 | | |

pose being the eradication of hunger in America, Congress formulated the two food assistance programs to remedy undernutrition in this country.

2. The denial of Federal food assistance benefits on the basis of county of residence is contrary to the Congressional purpose and intent in the formulation of the Food Stamp and the Commodity Distribution Programs. Hernandez v. Hardin, Civ. Action No. 50333 (N.D.Calif., 12/30/68).

3. The two Federal food programs are intended to be complementary: where one program exists, the other cannot be implemented; similarly but conversely, where one program does not exist, the other program should be implemented. See 7 U.S.C. §§ 2013(b) and 2019(a).

4. Congress has clearly declared its intent that the Federal food programs be implemented and made available "to the maximum extent practicable." 7 U.S.C. § 2011.

5. The Agriculture Department's failure to provide Federal food assistance "to the maximum extent practicable"—while returning to the Treasury significantly over one billion dollars of funds Congressionally appropriated for the improvement and expansion of the Federal food programs—is a clear frustration of Congressional intent.

6. Nowhere in the Commodity Distribution legislation can there be found a justification for depriving Federal food assistance on the arbitrary ground of county of residence; the provision of food assistance is not to be conditioned upon a request from county officials. Moreover, the policy of directly implementing a food program in some counties, while refusing to do so in other areas where persons are at least as needy, finds no basis in any rational reading of the language and intent of the Commodity Distribution legislation.

7. The denial of federal food assistance, on the basis of county of residence, is a violation of President Kennedy's first executive order. Pursuant to the Commodity Distribution legislation (7 U.S.C. § 612c), he ordered that:

> The Secretary of Agriculture shall take immediate steps to make available for distribution, through appropriate state and local agencies, *to all needy families* a greater variety and quantity of food out of our agricultural abundance.
>
> 26 Fed.Reg. 639, Exec. Order No. 10914 (Jan. 23, 1961) (emphasis added).

8. There is, and has been, no legal obstacle to using the substantial Section 32 (7 U.S.C. § 612c) funds—that have been returned to the Treasury or carried over to the next fiscal year—for the implementation of a Commodity Distribution Program in all 109 Texas counties without Federal food assistance.[4] There is no legal impediment to the immediate utilization of the hundreds of millions of dollars currently available under Section 32; these funds can be used presently so that no households are denied Federal food aid on the basis of county of residence.

9. The Federal defendants originally named herein are no longer in office and have been succeeded and replaced, and due to reorganization of the Department of Agriculture the following named defendants are substituted in the place of the Federal defendants originally named herein, to-wit: Clifford M. Hardin, Secretary of Agriculture, and Edward Hekman, Administrator of the Food and Nutrition Service of United States Department of Agriculture.

---

4. Presently, there are 89 Texas counties that are uncommitted to either a Food Stamp or Commodity Distribution Program.

Therefore, the Court orders and directs the following:

1. The United States Department of Agriculture, together with the other Federal defendants herein, their successors, agents and employees, shall immediately put into effect, in the shortest time feasible and at Federal expense, the Commodity Distribution Program in every Texas area that has no Food Stamp Program. If a Family Food Assistance Program has been voluntarily implemented by county or state officials in the past, or if a Family Food Assistance Program is implemented by county or state officials in the future, this would relieve the Federal defendants of any further responsibility of implementing a Family Food Assistance Program under this Order, in that county. As an outside limit, the Federal defendants, in every Texas area that has no Food Stamp Program, must put into effect the Commodity Distribution Program within sixty (60) days from January 5, 1970.

2. The Federal defendants, starting thirty (30) days from the signing of this Order and continuing for one-half year after the signing of this Order, shall monthly report to the Court and the plaintiffs on the number of Texas persons monthly assisted under the Family Food Assistance Programs. In addition, starting on January 15, 1970, the Federal defendants shall monthly report to the Court about the progress that is being made in establishing a Food Stamp or Commodity Distribution Program in the Texas counties presently without Federal food assistance.

3. So long as the State of Texas chooses to participate in the Family Food Assistance Programs, the State defendants must include every Texas area in either the Food Stamp or Commodity Distribution Program.